**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LAWRENCE FILETTI, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC.; | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

## INTRODUCTION

1.      Plaintiff Lawrence Filetti, III brings this action to secure redress from unlawful credit reporting practices of defendant Experian Information Solutions, Inc. ("Experian"), in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA").

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§1331 (general federal question), 1337 (interstate commerce) and 15 U.S.C. §1681p (FCRA).

3.      Venue in this District is proper because defendant is subject to jurisdiction here.

## PARTIES

4.      Plaintiff Lawrence Filetti, III is an individual who resides in the Northern District of Illinois.

5.      Defendant Experian is a credit reporting agency that does business in Illinois.  Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Chicago, IL 60604.

## FACTS

6.      Plaintiff's full name is Lawrence Filetti, III.

7.      Experian has been merging plaintiff's credit file with that of his father,

Lawrence Filetti, who has various judgments against him and has several derogatory accounts in his name. Exhibit A   None of the 4 judgments that appear on Exhibit A belong to plaintiff. Plaintiff has repeatedly disputed the judgments with Experian, including online disputes in July 2012, but Experian has failed to remove most of them.

8.      One of the Will County judgments that Experian included in plaintiff's credit file as recently as September 2012, involving Ogorman & Sons, involved a debt that was incurred when plaintiff was a minor.  Although this judgment is not currently appearing on plaintiff's Experian credit report, Experian continued to report it for years despite numerous disputes by plaintiff.

9.      Plaintiff retained an attorney in July 2011, in an attempt to get his father's items off his credit reports.

10.      On March 27, 2012, plaintiff's attorney, Kathy Wantuch, sent a dispute to all three credit bureaus, including Experian, about the Daimler Chrysler judgment, which was vacated as to plaintiff because it was supposed to be against his father.  Equifax has removed that judgment from plaintiff's report, and is also not reporting any of the other judgments that show up on the Experian report, but Experian continues to list it.

11.      As a result of Experian mixing plaintiff's file with that of his father, plaintiff has been denied credit, including student loans which were denied in 2012.   Plaintiff also had to pay higher interest rates on loans, including a November 2012 car loan.  In addition, plaintiff lost a job opportunity with the FDIC in August 2012 .

12.      Despite receiving multiple disputes directly from plaintiff, Experian did not list the items as disputed, in violation of 15 U.S.C. §1681s-2(a)(3).

13.      Plaintiff has suffered actual damages in the denial of credit, loss of a job opportunity and attorney's fees, and has also suffered emotional distress and spent extensive time and money attempting to correct the problem.

2

## COUNT I – FCRA

14.     Plaintiff incorporates ¶¶1- 13.

15.     Under the Fair Credit Reporting Act, 15 U.S.C. §1681e, Experian is required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

16.     Under the Fair Credit Reporting Act, 15 U.S.C. §1681i, Experian is required to conduct a reasonable investigation if a consumer such as plaintiff disputes the accuracy of an item on his credit report.

17.     Experian willfully or negligently (a) failed to take reasonable measures to investigate plaintiff's disputes, (b) failed to correct plaintiff's credit report, and (c) failed to follow reasonable procedures designed to ensure the maximum possible accuracy of plaintiff's credit file.

18.     Plaintiff was damaged as a result in being denied credit, being prevented from applying for loans in his name, losing a job opportunity, and suffering from emotional distress and spending time and money to correct the problem.

19.     Experian violated 15 U.S.C. §1681n and/or §1681o.

20.     Section 1681n provides:

**§1681n.  Civil liability for willful noncompliance**

**(a) In general.  Any person who willfully fails to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

**(1)**

> **(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**

 **(2) such amount of punitive damages as the court may allow; and**

**(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

3

21.     Section 1681o provides:

**§1681o.  Civil liability for negligent noncompliance**

**(a) In general.  Any person who is negligent in failing to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

>   **(1) any actual damages sustained by the consumer as a result of the failure;**

>   **(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

22.     Section 1681p provides:

**§ 1681p.  Jurisdiction of courts; limitation of actions**

**An action to enforce any liability created under this title [15 USCS §§ 1681et seq.] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of--**
  **(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or**
  **(2) 5 years after the date on which the violation that is the basis for such liability occurs.**

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against Experian for:

>   (1)     Appropriate actual, punitive and statutory damages;
>
>   (2)     Attorney's fees, litigation expenses and costs of suit;
>
>   (3)     Such other or further relief as the Court deems proper.

s/Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
Tara L. Goodwin
Rupali R. Shah
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)


## JURY DEMAND

Plaintiff demands trial by jury.

s/Daniel A. Edelman
Daniel A. Edelman


## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any  recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)